FILED
2007 Nov-30 PM 02:26
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **BYRON DEVAUGHN BONNER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 2:04-cv-3491-VEH-RRA |
| | ) |
| **MADISON COUNTY CIRCUIT** | ) |
| **COURT, et al,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on October 29, 2007, finding that the plaintiff's claims under 42 U.S.C. § 1983 and the ADA were filed outside the applicable limitations period, and recommending that this action be dismissed for failing to state a claim upon which relief can be granted under 28 U.S.C. § 1915A(b).  On November 15, 2007, the plaintiff filed objections to the report and recommendation. (Doc. # 16). The plaintiff contends that his ADA claims were timely filed, arguing that the timeliness of those claims is analyzed under the federal "catch-all" four-year statute of limitations, 28 U.S.C. §1658.

It is undisputed that the plaintiff's claims brought under 42 U.S.C. § 1983 are governed by Alabama's general or residual statute of limitations of two (2) years; that the United States Supreme Court has held that the proper statute of limitations for a

§1983 action is the forum state's general or residual statute of limitations for personal injury, s*ee Owens v. Okure*, 488 U.S. 235, 236, 249-50 (1989), and that that holding has not been disturbed. *See, e.g. Wallace v. Kato*, ____ U. S. ____, 127 S.Ct. 1091 (2007). However, which statute of limitations applies to the plaintiff's ADA Title II claims is somewhat more complex.

Title 28 U. S. C. §1658, enacted on December 1, 1990, provides that "[e]xcept as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action accrues." In *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004), the United States Supreme Court held that an amendment to an existing statute could constitute a cause of action, emphasizing that "a cause of action 'arises under an Act of Congress enacted' after December 1, 1990 - and therefore is governed by §1658 's 4-year statute of limitations - if the plaintiff's claim against the defendant *was made possible* by a post-1990 enactment." (emphasis added). The Court noted, however, that §1658 "leaves in place the 'borrowed' limitations periods for preexisting causes of action.' " *Id.*

In this case, the plaintiff's Title II claims for discrimination are governed by 42 U.S.C. § 12132, which was enacted on July 26, 1990, prior to the enactment of §1658 on December 1, 1990, and has not been amended since. Therefore, a plain

reading of §1658, which clearly states that it applies only to acts enacted after December 1, 1990, indicates that its four-year statute of limitations does not apply to claims under the ADA. *See, e.g.; Everett v. Cobb County Sch. Dist.*, 138 F.3d 1407, 1409-10 (11th Cir.1998) (applying states' personal injury statute of limitations to claim brought under Title II of the ADA); *Gaona v. Town & Country Credit*, 324 F.3d 1050, 1055-56 (8th Cir.2003); *Lewis v. Fayette County Detention Center*, 211 F.3d 1269 (6th Cir.2000) (unpublished opinion); *Soignier v. Am. Bd. of Plastic Surgery*, 92 F.3d 547, 551 (7th Cir.1996) (applying states' personal injury statute of limitations as the most analogous limitations period for ADA claims); *Scaggs v. N.Y. Dep't of Educ.*, No. 06-CV-0799 (JFB)(VVP), 2007 WL 1456221, at 9 (E.D.N.Y. May 16, 2007) (applying New York's three-year statute of limitations, not § 1658's four-year period, to ADA claims); *Barch v. Hawaii Dep't of Labor & Indus. Relations*, 2006 WL 3078933 (D. Haw. Oct. 26, 2006)(rejecting plaintiff's argument that the four-year statute of limitations in §1658 is applicable to Title II claims); *Smith v. Masterson*, No. 05-CV-2897 (RWS), 2006 WL 2883009, at 9 (S.D.N.Y. Sept. 29, 2006); *Duprey v. Conn. DMV*, 191 F.R.D. 329, 341 (D.Conn.2000) (noting argument for §1658, but nonetheless declining to apply it to Title II claims).

It should be noted that because Title II of the ADA became effective on January 26, 1992, some courts have suggested that §1658 's four-year period might

apply to Title II claims. *See, e.g.*, *Holmes v. Tex. A & M Univ.*, 145 F.3d 681, 686 (5th Cir.1998). However, since the ADA was enacted before December 1, 1990, albeit in a dormancy period pending its effective date, a plain reading of §1658 indicates that it does not provide the statute of limitations for causes of action arising under the ADA. Accordingly, the court concurs with the magistrate judge's determination that the two year general or residual statute of limitations applies to the plaintiff's claims brought under both §1983 and Title II of the ADA, and that those claims, brought outside of that two year time period, are time-barred.

Thus, having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the Court is of the opinion that the magistrate judge's report is due to be and is hereby **ADOPTED** and the recommendation is **ACCEPTED**. Accordingly, the complaint is due to be dismissed for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A(b)(1) and/or (2) An appropriate order will be entered.

**DONE** this the 30th day of November, 2007.

                                                                                              _____
**VIRGINIA EMERSON HOPKINS**
United States District Judge